UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   2:21-CV-05147-SB (PD)                   Date:  August 5,  2021
Title:      *Alfonzo Pickens v. R.C. Johnson (Warden)*

Present:   The Honorable  **Patricia Donahue, U.S. Magistrate Judge**

|  Isabel Martinez | N/A |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner(s): | Attorneys Present for Respondents(s): |
| --- | --- |
| N/A | N/A |

**Proceedings:**      **(In Chambers) Order to Show Cause Why Petitioner's 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus Should Not be Dismissed**

On June 16, 2021, Petitioner Alfonzo Pickens filed a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. The Petition raises three grounds for relief: (1) the prison incorrectly calculated prisoner's release date after Petitioner's original sentence was vacated and he was re-sentenced; (2) deliberate indifference/cruel and unusual punishment for the failure to investigate the error in credits; and (3) deprivation of liberty/false imprisonment stemming from Petitioner's continued custody.  [Dkt. No. 7 at 5-7.]

### A.      Procedural History

After a jury trial in Los Angeles County Superior Court, Petitioner was convicted of criminal threats and in June 2018, was sentenced to fourteen years in state prison.  [Dkt. No. 7 at 1.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   2:21-CV-05147-SB (PD)                              Date:   August 5, 2021

Title:      *Alfonzo Pickens v. R.C. Johnson (Warden)*

On June 9, 2020 the California Court of Appeals affirmed the conviction but vacated the original sentence due to a change in the law.  The case was remanded to the sentencing court to exercise its discretion whether to strike any of the serious felony enhancements.  The court re-sentenced Petitioner to nine years, with credit for 865 days served on the existing sentence.   An order was issued to the California Department of Corrections and Rehabilitation ("CDCR") to calculate the credits pursuant to *People v. Burkhalter* 26 Cal.4th, 20 (2001).  [Dkt. No. 7 at 5-7.; *see also* https://appellatecases.courtinfo.ca.gov/search (Case No. B290905).

Petitioner subsequently filed a "Claimant Grievance Claim" requesting that all court-ordered credits be applied and that he be released.  The CDCR denied the claim, finding that the time in custody was applied appropriately. [Dkt. No. 7 at 8.]

Petitioner submitted an Emergency Writ of Mandate on April 26, 2021 to the Los Angeles Superior Court on the ground that the prison refused to apply his court credits and that he is overdue for release. [Dkt. No. 7 at 3.] On May 26, 2021, he learned that the Court had granted the Attorney General fifteen (15) days to respond. [*Id.*]  Petitioner states that he also submitted a habeas corpus petition on May 6, 2021 in Los Angeles Superior Court—again asserting that the prison refused to apply his court credits and that he was overdue for release. [*Id.* at 4.]  Petitioner states that he has not received a response to his state habeas petition.  [*Id.*]

C.    **Applicable Law**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground for relief presented in the petition.  *Rose v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   2:21-CV-05147-SB (PD)                         Date:   August 5,  2021
Title:        *Alfonzo Pickens v. R.C. Johnson (Warden)*

*Lundy*, 455 U.S. 509, 518-22 (1982).  The habeas statute provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state.  *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994); *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979).  A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based.  *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Here, Petitioner has stated that he filed an emergency writ of mandate and a habeas corpus petition pending in the Los Angeles County Superior Court. [Dkt. No. 7 at 3-4.]  There is no indication in the record that Petitioner has exhausted these claims, which are all related to the prison's calculation of his sentence, before the highest state court. [See *id.* at 4.]  Therefore, all of Petitioner's claims are currently unexhausted and subject to dismissal.

### III.   Order

Petitioner is, therefore, **ORDERED TO SHOW CAUSE no later than September 3, 2021,** why the Petition should not be dismissed without prejudice for lack of exhaustion.

Petitioner shall file no later than the **September 3, 2021** deadline either:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   2:21-CV-05147-SB (PD)                    Date:   August 5,  2021
Title:        *Alfonzo Pickens v. R.C. Johnson (Warden)*

 (1) a response explaining how the claims he presents have been
exhausted and may be reviewed on federal habeas jurisdiction;

or

(2)  a request for a voluntary dismissal of this action without prejudice
pursuant to Federal Rule of Civil Procedure 41(a).

Petitioner is advised that there is a one-year statute of limitations on
habeas claims by a prisoner in state custody.  28 U.S.C. § 2244(d).  The
limitations period is tolled while a "properly filed" application for state post-
conviction or other collateral review with respect to the pertinent judgment or
claim is pending, 28 U.S.C. § 2244(d)(2), but the limitations period is not
tolled under section 2244(d) while a petition is pending in federal court.
*Duncan v. Walker*, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state
habeas petition, the filing of a federal habeas petition does not toll the statute
of limitations).

**Failure to file a timely response to this Order as directed above
will result in a recommendation that this action be dismissed for
failure to prosecute and obey Court orders pursuant to Federal Rule
of Civil Procedure 41(b).**

**IT IS SO ORDERED**.

Attachment:

Form CV-09 – Notice of Dismissal

                                                                                          :
                                                              Initials of Preparer    im